# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 08, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13517-JJ
Case Style: Henry McCone v. Exela Technologies, Inc., et al
District Court Docket No: 6:21-cv-00912-CEM-DCI

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13517

Non-Argument Calendar

_____

HENRY MCCONE,

                                                     Plaintiff-Appellant,

*versus*

EXELA TECHNOLOGIES, INC.,
EXELA ENTERPRISE SOLUTIONS, INC.,

                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00912-CEM-DCI

Case 6:21-cv-00912-CEM-DCI   Document 92   Filed 05/08/24   Page 4 of 6 PageID 2190
USCA11 Case: 23-13517   Document: 24-1   Date Filed: 05/08/2024   Page: 2 of 4

2                     Opinion of the Court                     23-13517

_____

Before JORDAN, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Henry McCone, proceeding *pro se*, appeals the district court's denial of his Rule 59(e) motion to alter or amend the judgment and for reconsideration.[1]

Where appropriate, we review the district court's denial of a Rule 59(e) motion for an abuse of discretion. *Lambert v. Fulton Cnty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001). Under Rule 59, a party may ask a district court to reconsider an earlier ruling. *See* Fed. R. Civ. P. 59(e). A Rule 59(e) motion must be based upon "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks omitted). It may not be used to relitigate old matters or raise arguments or present evidence that could have been raised prior to the initial entry of judgment. *Id.*

While *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will be liberally construed,

---

[1] On March 12, 2024, we dismissed the portion of McCone's appeal challenging the district court's order and final judgment granting summary judgment against him for lack of jurisdiction because his motion to reconsider was filed more than 28 days after the final order and judgment was entered. Thus, the motion did not toll the 30-day statutory time limit for filing a notice of appeal. We therefore proceed with his appeal only insofar as it relates to the denial of his motion for reconsideration, which was timely.

23-13517               Opinion of the Court                3

a court may not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 69 (11th Cir. 2014). "[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it," such as by making only passing references to the court's holding without advancing any arguments or citing any authorities to establish that they were error. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). A party abandons a claim by: (1) making only passing reference to it, (2) raising it in a perfunctory manner without supporting arguments and authority, (3) referring to it only in the "statement of the case" or "summary of the argument," or (4) the references to the issue are mere background to the appellant's main arguments. *Id.* at 681-82.

Here, McCone has abandoned any purported challenge to the district court's denial of his motion to alter or amend the judgment and for reconsideration by failing to make any meaningful argument as to the motion on appeal. *Timson*, 518 F.3d at 874. McCone's brief is essentially a disagreement with the district court's determination as to the merits of his alleged discrimination and retaliation claims, which go to the final order and judgment of his case, and over which we lack jurisdiction and accordingly have already dismissed. While the first issue asserted in McCone's "statement of the issues" section of his brief is whether the district court abused its discretion in denying his motion, that is the only

| 4 | Opinion of the Court | 23-13517 |
|---|---|---|

place in his brief the motion or the abuse of discretion standard are so much as mentioned. Such is not enough to preserve an argument on appeal. *See Sapuppo*, 739 F.3d at 681-82.

**AFFIRMED.**[2]

---

[2] McCone's motion for reconsideration of our March 12, 2024, order *sua sponte* dismissing his appeal, in part, for lack of jurisdiction is also DENIED. *See* Fed. R. App. P. 4(a)(1)(A); *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 615 F.3d 1352, 1359 n.15 (11th Cir. 2010).